# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES OF NEVADA, INC., MARCUS & MILLICHAP REAL ESTATE INVESTMENT SERVICES, INC., GORDON ALLRED, ALVIN NAJIB MANSOUR, KEVIN NAJIB MANSOUR, PERRY WHITE, and NENAD ZIVKOVIC,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH DECKER, in his official capacity as Administrator of the Real Estate Division, Department of Business & Industry, State of Nevada, and NORMA JEAN OPATIK, NEIL SCHWARTZ, SHERRIE CARTINELLA, DEVIN REISS, and LEE K. BARRETT, in their official capacities as Commissioners of the Nevada Real Estate Commission,<br><br>Defendants. | Case No. 2:16-cv-01299-RFB-GWF<br><br>ORDER<br><br>Plaintiffs' Motion for Temporary Injunction |

Before the Court is Gordon Allred, Alvin Najib Mansour, Kevin Najib Mansour, Perry White, and Nenad Zivkovic (collectively, "Individual Plaintiffs")' Renewed Motion for Temporary Injunction, (ECF No. 100). For the reasons stated below, these motions are denied.

## I.    BACKGROUND

On June 10, 2016, Individual Plaintiffs and Marcus & Millichap Real Estate Investment Services, Inc. ("M&M") (collectively, "Plaintiffs") filed a Complaint and Request for Declaratory

and Injunctive Relief against Defendants, officials of the Nevada Real Estate Division ("NRED") and Nevada Real Estate Commission ("NREC"). (ECF No. 1). Plaintiffs assert two Section 1983 claims, alleging that a NREC real estate regulation 1) violates the Commerce Clause, and 2) violates the First Amendment. Plaintiffs additionally seek declaratory and injunctive relief.

On July 12, 2017, Plaintiffs filed a Motion for Preliminary Injunction. (ECF No. 47). Defendants filed a Response on July 25, 2017. (ECF No. 58). The Court held a hearing on the Motion on July 26, 2017, and denied the Motion without prejudice with leave to refile, as the administrative hearings which the Plaintiffs sought to enjoin were continued from August to December. (ECF No. 63). The Court also granted in part and denied in part a Motion to Compel, (ECF No. 45), at the hearing.

On August 25, 2017, Plaintiffs and Defendants filed Cross-Motions for Summary Judgment. (ECF Nos. 71-72). The same day, Plaintiffs also filed a Statement of Material Facts regarding their Motion for Summary Judgment. (ECF No. 74). The parties filed Responses on September 15, 2017. (ECF Nos. 84-85). Replies were filed on September 29, 2017. (ECF Nos. 92, 93). The International Council of Shopping Centers, The Commercial Real Estate Development Association, and National Multifamily Housing Council (collectively, "Interested Parties") filed a Motion for Leave to File Amicus Brief in Support of Plaintiffs on November 10, 2017. (ECF No. 96). The proposed amicus brief is attached to the Motion. (ECF No. 96-1).

On November 14, 2017, Individual Plaintiffs filed an Emergency Motion to Renew the [47] Motion for Preliminary Injunction. (ECF No. 100). M&M filed a Joinder on November 15, 2017. (ECF No. 103). Defendants filed a Response to the Motion for Leave to File Amicus Brief on November 16, 2017. (ECF No. 108). Defendants filed a Response to the Emergency Motion on November 20, 2017. (ECF No. 111). M&M submitted a Supplemental Brief on the Renewed Motion on December 1, 2017. (ECF No. 113).

**II.    LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a

clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. 7, 20 (2008)). A preliminary injunction may issue under the "serious questions" test. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir. 2011) (affirming the continued viability of this doctrine post-Winter). According to this test, a plaintiff can obtain a preliminary injunction by demonstrating "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," in addition to the other Winter elements. Id. at 1134-35 (citation omitted).

### III. DISCUSSION

#### a. Renewed Motion for Temporary Injunction

Prior to analyzing the request for injunction, the Court will briefly discuss the regulatory and statutory framework at issue in this case.

##### i. Nevada's cooperative certificate law

Nevada law permits out-of-state licensed real estate brokers cooperating with Nevada brokers to engage in real estate transactions. Nev. Rev. Stat. § 645.605. Pursuant to this law, "[t]he Administrator [of the Real Estate Division] shall have authority to issue certificates authorizing out-of-state licensed brokers to cooperate with Nevada brokers, and the [Nevada Real Estate] Commission shall have authority to promulgate rules and regulations establishing the conditions under which such certificates shall be issued and canceled . . . ."[1] Id. Nevada Administrative Code ("NAC") Section 645.185 contains the rule for how cooperative certificates may operate. Subsection 11, the provision at issue, provides: "An out-of-state broker may not use a cooperating

---

[1] These certificates are referred to by the parties as "cooperative certificates." The Court adopts such language in this Order.

broker's certificate as authority to sell or attempt to sell real estate in Nevada to a resident of Nevada. Such a certificate may be used only for the purpose of allowing the out-of-state broker or salesman to offer real estate in Nevada for sale to a person other than a resident of Nevada." Plaintiffs argue in their Complaint that the cooperative certificate law prohibits cooperation except in very limited circumstances. Plaintiffs raise challenges to the NAC cooperative certificate provision under both state and federal law, and seek to enjoin the administrative enforcement proceedings soon to take place against the Individual Plaintiffs.

Plaintiff does not dispute that, under Nevada law, an out-of-state individual can obtain a broker's license which grants that individual all of the same professional authority to operate as an individual who is in-state and licensed. Nev. Rev. Stat § 645.330.

### ii. Likelihood of success on the merits

In the original Motion for Temporary Injunction (ECF No. 47), Plaintiffs argue that they are likely to succeed on their constitutional challenge to the NAC cooperative certificate provision. Plaintiffs argue that they have a valid claim that the cooperative certificate law violates the Dormant Commerce Clause. Plaintiffs claim that the law fails the strict scrutiny Commerce Clause tests because 1) it is an impermissible "turf state" law; and 2) the law is discriminatory on its face, in its purpose, and in practical effect. Plaintiffs contend that there are other less restrictive means for achieving a compelling governmental interest, such as requiring that out-of-state brokers work in cooperation with a Nevada broker to ensure compliance with local regulations in broader real estate transactions. Plaintiffs rely heavily on a Western District of Kentucky case, River Oaks Mgmt., LLC v. Brown, No. 3:06-CV-00451-S, 2007 WL 2571909 (W.D. Ky. Sept. 4, 2007), in support of their argument.

Plaintiffs argue in the alternative that the cooperative certificate law violates the Pike balancing test, because the burden on interstate commerce is "clearly excessive." Plaintiffs contend that the regulation of the cooperative certificate scheme exceeds its statutory authorization, as the statute only provides for the conditions of issuance and cancellation of the cooperative certificate.

Defendants contend that there is no likelihood of success on the merits. They essentially argue that the Dormant Commerce Clause claim fails because Plaintiffs have the ability to obtain

licenses in Nevada to engage in the activity they seek to do. Defendants further argue that NAC 645.185(11) neither prevents nor discriminates against the transaction of interstate commerce, and therefore the provision cannot be found unconstitutional.

The Court finds no likelihood of success on the merits or a serious question going to the merits. Plaintiffs do not establish that the cooperative certificate law discriminates on the basis of out-of-state status; the cooperative certificate law only distinguishes between those out-of-state brokers that are licensed and those that are not. Additionally, the cooperative certificate law does not prevent an unlicensed out-of-state broker from being able to obtain a license and subsequently practice freely in the state.[2] Because Plaintiffs do not show that the cooperative certificate provision discriminates per se on the basis of out-of-state status, it is unlikely they will prevail on the Dormant Commerce Clause claim.

### iii. Irreparable harm

Plaintiffs make several arguments in their attempt to establish irreparable harm. First, they claim that their rights under the Dormant Commerce Clause are violated, which as a matter of law establishes irreparable injury. Plaintiffs also argue that the cooperative certificate framework amounts to a "turf state law" that puts Plaintiffs at a competitive disadvantage. Individual Plaintiffs elaborate on their arguments in the Renewed Motion, where they contend that irreparable harm is also established because the disciplinary proceeding and resulting record is public and available throughout the industry, including to competitors who might exploit the administrative findings. Plaintiffs contend that, even if the Court later finds that the cooperative certificate law is invalid, damage will already be done if the administrative proceedings are not enjoined.

The Court finds that Plaintiffs have not established irreparable harm. First, the Court finds, and the Plaintiffs concede, that there is in fact a state legal remedy for an adverse finding at the forthcoming administrative hearing. Plaintiffs acknowledge that, under Nevada law, they can seek review of any state agency determination within the agency and then seek review by a state court

---

[2] During the proceedings, Plaintiffs tangentially raised the alleged requirement of having to maintain "a definite place of business" in the state after obtaining a real estate license. Nev. Rev. Stat. § 645.550(1). However, as the issue was not properly raised or briefed, the Court will not analyze the requirement in this Order.

of any final agency decision. Nev. Rev. Stat. § 233B.130. Indeed, the Plaintiffs can raise their constitutional arguments before both a state agency and a state court reviewing a state agency's final decision. As there are multiple opportunities for state agency and state court review of any initial agency decision at the forthcoming administrative hearing, there can be no finding of irreparable harm.

The Court is unpersuaded that irreparable harm can be found on the strength of the Plaintiffs' constitutional argument weighed against the professional reputational harm they may suffer for an initial adverse finding. If this standard were the governing standard, it would authorize federal courts to essentially monitor state agency decisions at all levels and intervene before even state agencies or state courts had an opportunity to review the agency's actions. The Court finds no support in the caselaw for such a standard.

As the Court has found that injunction relief is not warranted based upon its consideration of the two factors already discussed, the Court finds it unnecessary to address the other two factors for injunctive relief.

### b. Request for stay of the constitutional question

Defendants request in the alternative that if the Court finds that the administrative proceeding and the instant litigation are intertwined, then the Court stay the constitutional question until Individual Plaintiffs have exhausted their administrative remedies. (ECF No. 111 at 4). For the reasons explained above, the Court finds an injunction is not warranted. Therefore, the Court will address this issue and the previously raised abstention issue in its forthcoming ruling on the Motions for Summary Judgment. At this time, the Court finds no reason to stay the case.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that the Renewed Motion for Temporary Injunction (ECF No. 100) is DENIED.

DATED: <u>December 3, 2017</u>.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**